UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABITA CHOUDHURI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-03608-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 47 |

　　　　Plaintiff Kabita Choudhuri, proceeding *in pro se*, filed suit in this Court against defendants Wells Fargo Bank, N.A. and one of its employees, Treena Berlinsky (collectively, "Wells Fargo"), asserting state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and violations of California's Homeowner Bill of Rights, Cal. Civ. Code § 2920 *et seq.*  Wells Fargo moves to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and alternatively for failure to state a claim under  Fed. R. Civ. P. (12)(b)(6).  For the reasons below, Wells Fargo's motion will be granted, and the complaint will be dismissed.

I.

　　　　Wells Fargo argues first that the complaint must be dismissed for lack of subject matter jurisdiction.  According to Wells Fargo, Choudhuri's complaint does not establish a basis for federal question jurisdiction, because although Choudhuri at times alleges that Wells Fargo violated various federal laws, all of her causes of action actually arise under state law and do not involve a substantial federal question.  Wells Fargo also argues that Choudhuri's complaint does not establish that the Court has diversity jurisdiction.  Although Wells Fargo agrees with

Choudhuri that there is complete diversity of the parties, it argues that Choudhuri has failed to meet her burden to show that the amount in controversy requirement is satisfied.

The party asserting federal jurisdiction has the burden of establishing by a preponderance of the evidence that the jurisdictional requirements are met. *See, e.g.*, *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). "The 'mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012) (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). Rather, "[a] state cause of action invokes federal question jurisdiction only if it necessarily raise[s] a stated federal issue, actually disputed and substantial." *Id.* (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). And, "[w]hen a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Id.* at 675 (quoting *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)).

Choudhuri's complaint makes several references to federal law or federal programs: the Truth in Lending Act ("TILA"), the Home Affordable Mortgage Program ("HAMP"), and the Real Estate Settlement Procedures Act ("RESPA"). None of these references is sufficient to create federal question jurisdiction.

First, although Choudhuri vaguely alleges in her statement of facts that Wells Fargo committed various violations of TILA, 15 U.S.C. § 1601 *et seq.*, sometime before December 2010, that is insufficient to establish federal question jurisdiction. Choudhuri does not actually bring a separate cause of action under TILA, and instead only alleges as background information that, in the course of previous litigation, Choudhuri discovered that Wells Fargo allegedly "[f]lout[ed] several provisions of TILA, including the debt to income ratio provision, notice to

cancel, accurate loan documentation, misrepresentation and other provisions."  Indeed, Choudhuri could not bring claims in this lawsuit for those alleged violations since, as Choudhuri has repeatedly admitted, her current complaint is limited to Wells Fargo's actions occurring in 2015, and more importantly, any claims Choudhuri would have had relating to this earlier conduct would be barred by res judicata.  Even if Choudhuri's possible TILA claims were not both disavowed and precluded, to the extent Choudhuri did mean to bring separate claims under TILA by praying for "damages pursuant to the Truth in Lending [A]ct," her conclusory assertions that Wells Fargo violated the Act, made without any factual support, are wholly insufficient to state a claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also id.* at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  For all of these reasons, it is clear that Choudhuri's attempts to invoke federal question jurisdiction via TILA are unsuccessful.

      Choudhuri's repeated references to Wells Fargo's alleged failure to follow HAMP procedures are also insufficient to create federal question jurisdiction.  "Numerous district courts within the Ninth Circuit have ruled that there is no express or implied private right of action to sue lenders or loan servicers for violation of HAMP."  *Cleveland v. Aurora Loan Servs., LLC*, No. C-11-0773-PJH, 2011 WL 2020565, at *4 (N.D. Cal. May 24, 2011) (collecting cases).  They have also ruled that individual borrowers are not intended third-party beneficiaries of a HAMP mortgage servicer's Servicer Participation Agreement with the federal government and thus do not have standing to sue under that theory, either.  *Id.*  Thus, Choudhuri's state law causes of action stand or fall on state law theory alone, since Choudhuri cannot state a federal claim for relief based on Wells Fargo's alleged violations of HAMP procedures.  *See id.*

      Finally, although Choudhuri cursorily cites "RESPA §6(e)(3)" – that is, 12 U.S.C. § 2605(e)(3) – in Count 1, her state law claim for breach of contract, Choudhuri's complaint does not actually assert a separate, federal claim for violation of this subsection of RESPA.  And to the extent Choudhuri may have intended to press a standalone claim for violation of section 2605(e)(3) under section 2605(f)(1) by praying for "damages pursuant to . . . RESPA,"

3

Choudhuri's allegations are insufficient: she does not allege any facts suggesting that Wells Fargo provided information to consumer reporting agencies regarding overdue payments during the prohibited 60–day period. *Cf. Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 721 (6th Cir. 2013). This "glancing reference" to RESPA is therefore insufficient to establish federal question jurisdiction. *Nevada v. Bank of Am.*, 672 F.3d at 675. And although Choudhuri also vaguely alleges in the paragraph describing her breach of contract claim that Wells Fargo failed to respond to "many" Qualified Written Requests, perhaps intending to imply that Wells Fargo violated section 2605(e)(2) (though she does not cite this subsection of RESPA), this allegation is also insufficient to create federal question jurisdiction. Choudhuri's breach of contract claim is premised on state law theories entirely independent of Wells Fargo's alleged RESPA violations: she alleges that Wells Fargo failed to carry out a promise to approve her for a loan modification if she obtained a second income. Whether Wells Fargo also failed to respond to her QWRs in violation of RESPA is therefore not "pivotal to" or a necessary element of her state law breach of contract claim. *Nevada v. Bank of Am.*, 672 F.3d at 675 (quoting *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1046 (9th Cir. 2003)).

That leaves the question whether Choudhuri has met her burden to show that the Court has diversity jurisdiction. "The diversity statute is construed strictly and doubts are resolved against finding jurisdiction." *China Basin Properties, Ltd. v. One Pass, Inc.*, 812 F. Supp. 1038, 1039 (N.D. Cal. 1993) (citing 18 U.S.C. § 1332(a); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt*, 298 U.S. at 182-83)). "To adequately allege diversity jurisdiction, the Plaintiff must allege facts sufficient to establish the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship." *Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL 7351395, at *2 (N.D. Cal. Nov. 20, 2015). "If [a plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)); *see also Hertz Corp. v.*

*Friend*, 559 U.S. 77, 96-97 (2010) (citing *McNutt*, 298 U.S. at 189).

Although Choudhuri argues in her opposition that diversity jurisdiction is proper, Choudhuri's complaint does not allege the citizenship of any of the parties. For that reason alone, Choudhuri has failed to meet her burden to establish that there is diversity jurisdiction under section 1332(a). Although Wells Fargo does not dispute that there is complete diversity, that concession is insufficient: "parties cannot stipulate to jurisdiction where none exists," and federal courts "have an ongoing obligation" to ensure that the exercise of jurisdiction is proper. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Choudhuri's complaint must therefore be dismissed with leave to amend to properly plead facts showing that there is complete diversity. *See Montrose Chem. Corp. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1136 (9th Cir. 1997).

And even if Choudhuri had properly pleaded diversity of citizenship, Choudhuri's complaint would need to be dismissed, because Choudhuri's bald assertion that the amount in controversy "is approximately $1 million" is insufficient to establish that the amount in controversy actually exceeds the jurisdictional threshold. In determining whether a plaintiff has sufficiently pled that the amount in controversy exceeds $75,000, generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Thus, if the plaintiff makes a good faith claim for damages in excess of $75,000, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* But making a claim in "good faith" means that a plaintiff's "estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004). And where a plaintiff's claim for damages is "not made in good faith but only for the purpose of obtaining federal court jurisdiction," dismissal is appropriate. *Christensen v. Nw. Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980). To do otherwise "would readily permit jurisdictional manipulation." *Herz Corp.*,

559 U.S. at 97.

Here, Choudhuri's complaint alleges that she "lost funds of over $1 million by the predatory actions of the defendants." But Choudhuri apparently includes in this estimation of damages the fact that Choudhuri allegedly "lost the companionship of her daughter" because "her estranged husband removed the child from her home due to [the] uncertain outcome" of a *prior* lawsuit Choudhuri filed against Wells Fargo and First American Loan Star, based on events that occurred in 2008 and 2009. Choudhuri cannot now claim damages based on these events, since Choudhuri has expressly disavowed that she is seeking redress for Wells Fargo's conduct prior to 2015 (and it is obvious that any claim relating to this conduct would be barred by res judicata). What's more, elsewhere in the complaint, where Choudhuri prays for "recovery of the $1-million-plus funds that were extorted from her by the defendants," it is apparent that Choudhuri is including losses she allegedly incurred "since the inception of" her mortgage with Wells Fargo in "December of 2004." But Choudhuri alleges no basis for rescinding her mortgage in this lawsuit, and again, her claims for damages for Wells Fargo's conduct prior to 2015 have been disavowed and claims relating to the inception of her mortgage would be barred by res judicata. Choudhuri's apparently "pie-in-the-sky" claim for $1 million in damages is therefore not sufficient to show that the amount in controversy exceeds the jurisdictional threshold. *Samuel–Bassett*, 357 F.3d at 403.

Nor is there any indication that Choudhuri's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and violations of HBOR, properly limited to the January to August 2015 timeframe, could support a good faith claim for damages in excess of $75,000. Choudhuri claims that Wells Fargo's failure to follow through on its alleged promise to grant her loan modification application "caused her to miss out on other avenues to deal with the alleged default," and that Wells Fargo has caused her "further pecuniary losses" with "[i]mproper fees and costs." But Choudhuri does not give any estimation of the dollar value of those alleged economic losses. Choudhuri's other allegations regarding the amount in controversy are therefore also insufficient and strongly suggest her claim to $1 million

6

may have been made "only for the purpose of obtaining federal court jurisdiction." *Christensen v. Nw. Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980).

The motion to dismiss for lack of subject matter jurisdiction is therefore granted. This lawsuit appears to belong, if anywhere, in state court. However, if Choudhuri believes she can amend her complaint in a manner that gives rise to federal jurisdiction, she will be given one more opportunity to do so.

## II.

Wells Fargo also argues that all of Choudhuri's state law causes of action should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and that dismissal should be with prejudice because leave to amend would be futile. Normally the Court would not consider whether the claims should be dismissed under Rule 12(b)(6) after having determined that jurisdiction is lacking. However, because Choudhuri is representing herself, the Court provides the following guidance in the event she attempts to reassert her claims in federal court.

Under California law, the elements of breach of contract are "(1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff." *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 78 Cal. Rptr. 2d 725, 733 (Ct. App. 1998) (citing *McDonald v. John P. Scripps Newspaper*, 257 Cal. Rptr. 473 (Ct. App. 1989)). "The elements of promissory estoppel are (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages." *Toscano v. Greene Music*, 21 Cal. Rptr. 3d 732, 737 (Ct. App. 2004).

The essence of Choudhuri's first and third claims for breach of contract and promissory estoppel is that, according to Choudhuri, Wells Fargo employee "Treena Berlinsky made a representation to the Plaintiff that her application would be approved if a second income were present to support the household." Choudhuri alleges that, after her daughter obtained a job in San Francisco and moved in with her, Choudhuri informed Berlinsky that a second income was available, but that Wells Fargo "fail[ed] to respond to this information" and instead initiated foreclosure proceedings despite that her application was still pending. Choudhuri argues that Berlinsky's representation constituted a contractual promise to approve her for a loan

modification if Choudhuri obtained a second income and that Wells Fargo breached despite Choudhuri's performance, causing damages, and in the alternative, was a promise that induced Choudhuri's detrimental reliance and resulting damages.

Choudhuri's factual allegations are too vague and internally inconsistent to support a claim for relief either under a breach of contract theory or a promissory estoppel theory. At times Choudhuri alleges that Berlinsky told Choudhuri that "her application would be approved if a second income were present to support the household," and at other times alleges that Berlinsky said "her application would be approved *only if a second income could support the household*." While the former statement could theoretically be interpreted as a promise to approve the application if Choudhuri obtained any second source of income, which could conceivably state a claim for relief if the other elements of breach of contract or promissory estoppel were satisfied, the latter statement, even accepted as true and construed in the light most favorable to Choudhuri, is not a promise to approve if Choudhuri obtained any second income whatsoever, but a statement of a condition precedent to approval, i.e. Choudhuri's ability to obtain a second income sufficient to support the household. If Choudhuri wishes to attempt to file an amended complaint in federal court and chooses to reassert either a claim for breach of contract or promissory estoppel, she should only do so if she can allege facts showing both that there was a clear, enforceable promise to approve the application, and that her breach of contract and promissory estoppel claims are not barred by the statute of frauds. *See Omega v. Wells Fargo & Co.*, No. C-11-02621-JSW, 2011 WL 4345046, at *8 (N.D. Cal. Sept. 14, 2011) (citing *Secrest v. Security Nat. Mortg. Loan Trust 2002–2*, 84 Cal. Rptr.3d 275 (Ct. App. 2008)). Furthermore, in light of the confusion Choudhuri has created with her inconsistent allegations, she should quote the letter in which Berlinsky allegedly made this promise, and attach the letter to the amended complaint.

Choudhuri's second claim for relief, breach of the implied covenant of good faith and fair dealing, also fails to state a claim. "Every contract 'imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.'" *Fortaleza v. PNC Financial Services*

*Group, Inc.*, 642 F.Supp.2d 1012, 1021 (N.D. Cal. 2009) (quoting *McClain v. Octagon Plaza, LLC*, 71 Cal. Rptr. 3d 885 (Ct. App. 2008)))). "To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." *Id.* at 1021-22 (citing *Racine & Laramie v. Dep't of Parks & Rec.*, 14 Cal. Rptr. 2d 335 (Ct. App. 1992). Choudhuri does not concretely identify the source of Wells Fargo's alleged contractual obligation, but the complaint implies either that it is Wells Fargo's Servicer Participation Agreement under HAMP, or perhaps Choudhuri's original mortgage agreement with Wells Fargo. Neither of these contracts can support a claim for breach of the implied covenant of good faith and fair dealing based on Wells Fargo's failure to approve Choudhuri for a loan modification. As previously discussed, Choudhuri lacks standing to sue Wells Fargo under a third-party beneficiary theory for Wells Fargo's alleged failure to follow HAMP procedures. *See Cleveland*, 2011 WL 2020565, at *4. And the terms of Choudhuri's Deed of Trust with Wells Fargo "do not require Wells Fargo to modify the terms of the [Choudhuri's] loan. It is well-established that '[t]he covenant cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Omega*, 2011 WL 4345046, at *7 (quoting *Agosta v. Astor*, 15 Cal. Rptr. 3d 565 (Ct. App. 2004)).

Finally, Choudhuri's fourth claim under HBOR also fails. Although Choudhuri describes her cause of action as a single claim and fails to cite any relevant subsection of HBOR, Choudhuri appears to assert two separate HBOR claims: one for "dual tracking," impliedly in violation of Cal. Civ. Code § 2923.6(c), and one for failure to assign a "single point of contact," impliedly in violation of Cal. Civ. Code § 2923.7(a).

As to the dual-tracking claim, Choudhuri appears to allege that Wells Fargo engaged in statutorily prohibited dual tracking by initiating foreclosure proceedings while her loan modification application was still under review. As Choudhuri admits in her opposition, however, "Defendants have availed themselves of the protection offered by the safe-harbor provision of the HBOR" by rescinding the relevant foreclosure notices. *See* Cal. Civ. Code §

9

2923.12(c) ("A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale . . . ."). Choudhuri's dual-tracking claim therefore fails as a matter of law.

Choudhuri's "single point of contact" claim also fails to state a claim for relief. Choudhuri vaguely alleges that she has been assigned more than one Wells Fargo employee as a single point of contact, and she argues in opposition that not all of these employees were "knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process," in violation of section 2923.7(e). But Choudhuri's complaint does not allege sufficient facts to support her claim that she was assigned multiple SPOCs who were not knowledgeable *during the relevant time period*, i.e., between January and August 2015, the dates to which Choudhuri has repeatedly stated her claims are limited. In fact, the complaint and documents attached to the complaint suggest that Choudhuri complained to Wells Fargo that it had assigned her multiple SPOCs in 2014, not 2015.

This discussion puts Choudhuri on notice of the defects in her claims. If she chooses to attempt to file an amended complaint in federal court, and if she believes she will be able to show that federal jurisdiction actually exists, she must also make sure that she can cure these substantive defects in her claims.

**IT IS SO ORDERED.**

Dated: June 10, 2016

_____
VINCE CHHABRIA
United States District Judge