UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABITA CHOUDHURI,<br>　　　　Plaintiff,<br>　　v.<br>WELLS FARGO BANK, N.A., et al.,<br>　　　　Defendants. | Case No. 15-cv-03608-VC (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 112, 113, 114, 115 |

Plaintiff Kabita Choudhuri brought the instant suit against Defendants Wells Fargo Bank, N.A. and Treena Berlinsky, alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and the California Homeowner Bill of Rights ("HBOR"), as well as bringing claims of promissory estoppel and breach of the implied covenant of good faith and fair dealing. (Second Amended Compl. ("SAC"), Dkt. No. 74.)[1] On April 25, 2017, Defendant Wells Fargo filed four discovery letters. (Dkt. Nos. 112-115.)

**I.　DISCUSSION**

The Court finds that none of the discovery letters comply with the Court's standing order. First, none of the discovery letters are "joint" letters, as none include Plaintiff's position.[2] Second, several of the letters far exceed the Court's five-page limit, and Defendants did not seek leave to file the overlong letters prior to filing the letters. (*See* Dkt. Nos. 113 (38 pages), 114 (16 pages),

---

[1] On January 25, 2017, the presiding judge dismissed all claims against Defendant Berlinsky with prejudice, and dismissed the claim for breach of the implied covenant of good faith and fair dealing against both Defendants with prejudice. (Dkt. No. 92 at 2.)

[2] Defendant should make an effort to meet and confer with Plaintiff, even though she is pro se. If Defendant is unable to obtain Plaintiff's position, Defendant shall indicate in its separate letter that it attempted to do so.

115 (6 pages).) Third, the Court has doubts as to whether the parties adequately met and conferred, as all four discovery letters appear to be based on the same fifteen-minute conversation on April 25, 2017. (Dkt. No. 112 at 2; Dkt. No. 113 at 2; Dkt. No. 114 at 2; Dkt. No. 115 at 2.) Accordingly, the Court TERMINATES the four discovery letters. The Court, however, addresses the four discovery letters as follows, to provide the parties guidance.

### A. First Discovery Letter (Deposition)

Defendant's first discovery letter concerns Plaintiff's deposition, during which "Plaintiff responded to each question with an assertion of her 'Fifth Amendment rights.'" (Dkt. No. 112 at 2-3.) Plaintiff appears to base her Fifth Amendment right on Defendant's assertion that it would use Plaintiff's testimony for impeachment purposes. (Choudhuri Dep. at 13:2-8, Dkt. No. 112.) Protection against impeachment is not a proper basis for assertion of the Fifth Amendment; the Fifth Amendment only "protects against any disclosures that the witness reasonably believes could be used in a *criminal prosecution* or could lead to other evidence that might be so used." *Kastiger v. United States*, 406 U.S. 441, 445 (1972) (emphasis added). Plaintiff, however, was asserting the Fifth Amendment to questions regarding whether Plaintiff received the Notice of Deposition, whether she filed any objections to the Notice of Deposition, and whether she brought any documents to the deposition. (Choudhuri Dep. at 17:6-18:5.) These are not proper invocations of the Fifth Amendment. Accordingly, Plaintiff is required to provide dates for a second deposition. At that deposition, Plaintiff is not permitted to assert the Fifth Amendment unless it involves a disclosure that could be used in a criminal prosecution. Failure to comply may result in the Court recommending sanctions, including terminating sanctions.[3] *See Gordon v. Cty. of Alameda*, No. CV-06-2997-SBA, 2007 WL 1750207, at *2 (N.D. Cal. June 15, 2007) ("Federal Rule of Civil Procedure 37 provides for sanctions available for failure to make disclosures or cooperate in discovery. Under Rule 37(b)(2)(C), if a party fails to obey an order to provide discovery, the court may dismiss the action or proceeding in whole or in part").

---

[3] Plaintiff is also warned that even when a party is "free to invoke the Fifth Amendment in civil cases . . . the court is equally free to draw adverse inferences from their failure of proof." *SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998).

2

### B. Second Discovery Letter (Requests for Production)

Defendant's second discovery letter concerns Plaintiff's responses to Defendant's Request for Production of Documents, Set One. (Dkt. No. 113 at 1.) Plaintiff refused to provide any documents. For example, Request No. 1 requests documents concerning Plaintiff's claim for violation of California Civil Code § 2923.6. (*Id.* at 3.) Plaintiff objected on the ground that the presiding judge already found the complaint to be sufficient, and that Defendant already possessed all of the documents sought. (*Id.* at 4.) Plaintiff further states that she will only identify relevant documents after Defendant has provided responses to her requests for production.

These are not proper objections. The fact that the presiding judge found that the allegations in a complaint were sufficient to assert a claim does not abrogate Plaintiff's obligation to disclose evidence that supports her claim; Plaintiff must still *prove* her case with actual evidence, and provide that evidence to Defendant to the extent it has been requested. Likewise, whether documents are already in Defendant's possession is not the basis of a proper objection. Finally, Plaintiff's obligation to provide documents is independent of Defendant's discovery obligations; Plaintiff cannot condition her responses on Defendant's responses. Plaintiff may not assert these objections to justify not responding to Defendant's discovery requests.

With respect to Defendant's request for documents concerning Plaintiff's emotional distress claims, Plaintiff asserts an objection based on privacy. (*Id.* at 8.) Whether Plaintiff is required to provide her medical records is dependent on whether Plaintiff asserts something more than "garden-variety" emotional distress. *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003). Garden-variety damages are "ordinary or commonplace emotional distress." *Id.* An allegation of intentional infliction of emotional distress, however, may elevate an emotional distress claim to more than "garden-variety," thus resulting in a waiver of any privacy rights and doctor-patient privilege. *See id.* at 637-38; *cf. Schwenk v. Cty. of Alameda*, No. C-07-849 SBA (EDL), 2011 WL 607101, at *1 (N.D. Cal. Feb. 11, 2011) (finding that the plaintiffs only sought garden-variety emotional distress where the plaintiffs did not make a claim for intentional infliction of emotional distress, and the plaintiffs affirmatively stated they would not be relying on experts or treating doctors for their emotional distress claim). Here, Plaintiff does not bring a claim for intentional

infliction of emotional distress, but has "request[ed] intentional infliction of emotional distress damages . . . ." (SAC at 14, *see also id.* at 18 ("Defendants have intentionally caused the plaintiff severe harm and emotional distress").) Thus, from the face of the complaint, Plaintiff appears to be seeking more than "garden-variety" emotional distress, which therefore constitutes a waiver of any privacy rights and doctor-patient privilege. Plaintiff must therefore provide the requested documents, unless she disclaims damages beyond garden-variety emotional distress.

Plaintiff also objects to a number of requests on the grounds that "it is merely to hound and harass the plaintiff." (*See* Dkt. No. 113 at 10-11.) This is not a proper objection. Plaintiff must either respond to these requests or explain why she believes these requests are not relevant.[4] Finally, Plaintiff objects to a number of requests on the ground that it was already "asked and answered." Many of these objections appear to lack merit. For example, Request No. 15 concerns communications between Plaintiff and Ms. Berlinsky, Request No. 16 concerns communications between Plaintiff and other persons from August 2014 to the present, and Request No. 17 concerns communications between Plaintiff and Ronjon Sen. (Dkt. No. 113 at 12-13.) These are all separate individuals, and not duplicative of other requests. In the future, Plaintiff may not assert the "asked and answered" objection, unless she can identify the specific request that she believes encompasses the request that she is objecting to. At that point, the parties should meet and confer to determine if the request is truly duplicative or if it seeks unique documents.

### C. Third Discovery Letter (Interrogatories)

Defendant's third discovery letter concerns Plaintiff's responses to Defendant's Interrogatories, Set One. (Dkt. No. 114.) Plaintiff objected to all of the interrogatories, again referring to the presiding judge's finding that the allegations in the complaint were sufficient to assert a claim, asserting that Defendant already has all of the documents, and stating that she will not identify relevant documents until Defendant has provided responses to her requests for

---

[4] The Court notes that some of these objections appear to be frivolous. For example, Plaintiff makes this objection to Request for Production No. 12, which seeks: "All documents identified by [Plaintiff] in the complaint." (Dkt. No. 113 at 10 (all caps omitted).) Such documents would be relevant to Plaintiff's claim, as she has specifically identified them in support of her complaint. There is no basis to assert that this request is meant only to "hound and harass the plaintiff."

4

production. (*Id.* at 3.) As discussed above, these are not proper objections, and Plaintiff may not refuse to respond to the interrogatories on these bases. Similarly, Plaintiff objected to interrogatories regarding her emotional distress by asserting privacy; again, to the extent Plaintiff is seeking more than garden-variety damages, Plaintiff is required to respond and cannot rely on privacy objections. Finally, Plaintiff again raises "asked and answered" objections that do not appear appropriate. For example, Plaintiff objects on this basis to Interrogatory No. 12, which requests details about how Defendant represented to Plaintiff that the loan modification would be approved if there was a second income. (Dkt. No. 114 at 12.) This question is distinct from the Interrogatory No. 11, which asks *when* Defendant made this representation. (*Id.* at 11.) Similarly, Plaintiff objects on this basis to Interrogatory No. 14, which asks what Plaintiff refrained from doing in reliance on the second income representation. (*Id.* at 12.) Again, this question is distinct from Interrogatory No. 13, which asks what Plaintiff affirmatively did in reliance on the representation. (Dkt. No. 114, Exh. A at 5.) It therefore appears that these requests are not duplicative. Plaintiff therefore must not assert the "asked and answered" objection, unless she can identify the specific interrogatory that she believes encompasses the interrogatory to which she is objecting. At that point, the parties should meet and confer to determine if the interrogatories are truly duplicative or if it seeks unique information.

### D. Fourth Discovery Letter (Requests for Admission)

Defendant's final discovery letter concerns Plaintiff's responses to Defendant's Requests for Admission, Set One. (Dkt. No. 115.) Plaintiff objected to Requests No. 17 through 23 on the basis of "asked and answered." (*Id.* at 3-5.) The Court finds this objection was improper because Requests No. 17 through 23 are not duplicative of any other Requests for Admission made. Requests Nos. 1 through 5 concern Plaintiff obtaining the loan. (Dkt. No. 115, Exh. A at 2.) Requests Nos. 6 through 15 concern whether Plaintiff made "any payment on the LOAN" in the specified years. (*Id.* at 2-3.) Requests Nos. 17 through 23, in contrast, concern whether Plaintiff made "**all** monthly payments on the LOAN" due in the specified years. (*Id.* at 3 (emphasis added).) This is a distinct question from whether Plaintiff made *any* payments on the loan; Plaintiff could have made at least one payment in a year, but not all of the payments. Thus, the

requests for admission are not repetitive, and Plaintiff must respond.

## II. CONCLUSION

Should future discovery disputes arise, the joint discovery letters must comply with the Court's standing order, including the meet and confer requirement, the inclusion of both parties' positions, and the page length limits (unless the parties request relief before filing).

To assist with discovery, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling (415) 782-8982. The Court has also adopted a manual for use by *pro se* litigants, which may be helpful to Plaintiff. This manual, and other free information is available online at: http://cand.uscourts.gov/proselitigants.

IT IS SO ORDERED.

Dated: May 4, 2017

KANDIS A. WESTMORE
United States Magistrate Judge