UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABITA CHOUDHURI,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A., et al.,<br>Defendants. | Case No. 15-cv-03608-VC (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTERS**<br>Re: Dkt. Nos. 135, 136 |

Plaintiff Kabita Choudhuri brought the instant suit against Defendant Wells Fargo Bank, N.A., alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and the California Homeowner Bill of Rights ("HBOR"), as well as bringing claims of promissory estoppel and breach of the implied covenant of good faith and fair dealing. (Second Amended Compl. ("SAC"), Dkt. No. 74.)[1] On August 25, 2017, the parties filed two joint discovery letters; the first discovery letter concerned Defendant's Requests for Production of Documents ("RFP") and the second letter concerned Defendant's Interrogatories. (Joint Letter re RFP, Dkt. No. 135; Joint Letter re Interrogatories, Dkt. No. 136.) Having reviewed the joint letters, the Court GRANTS Defendant's requests for relief.

**I. LEGAL STANDARD**

Rule 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

---

[1] On January 25, 2017, the presiding judge dismissed all claims against Defendant Treena Berlinsky with prejudice, and dismissed the claim for breach of the implied covenant of good faith and fair dealing against both Defendants with prejudice. (Dkt. No. 92 at 2.)

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Rule 33(a) provides:

(2) *Scope*. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a).

Rule 34(a) provides:

A party may serve on any other party a request within the scope of Rule 26(b):
    (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
        (A) any designated documents or electronically stored information-- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or
        (B) any designated tangible things[.]

Fed. R. Civ. P. 34(a).

All discovery is subject to the limitations imposed by Rule 26(b)(2)(C), which requires the court to limit discovery upon a finding (1) that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from other source that is more convenient, less burdensome, or less expensive, (2) that the party seeking discovery has had ample opportunity to obtain the information sought, or (3) that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

## II. DISCUSSION

### A. Joint Discovery Letter re Requests for Production (Dkt. No. 135)

Defendant seeks documents pertaining to: (1) Plaintiff's contention that Defendant violated HBOR by dual-tracking; (2) Plaintiff's contention that Defendant violated HBOR by failing to assign her a single point of contact; (3) Plaintiff's promissory estoppel claim, which is based on Plaintiff's contention that Defendant told her orally and in writing that it would modify her loan if she obtained a second job and/or obtained an additional source of income; (4) Plaintiff's potential negligence[2] claim; (5) Plaintiff's RESPA claims, which is based on Defendant's alleged failure to respond to one or more qualified written requests (QWRs) and Defendant's submittal of unauthorized negative credit reports while the QWRs were pending; (6) Plaintiff's request for monetary damages; and (7) Plaintiff's request for equitable relief. (Joint Letter re RFP at 5-15.)

Plaintiff initially responded on March 24, 2017, objecting to all of the requests. (Joint Letter re RFP, Exh. B.) On April 25, 2017, Defendant filed a discovery letter regarding Plaintiff's response. (Dkt. No. 113.) The Court terminated the discovery letter for failure to comply with the Court's standing order. (Discovery Letter Ord., Dkt. No. 117.) The Court noted, however, that Plaintiff's objections were not proper. (*Id.* at 3-4.)

On May 16, 2017, Defendant re-noticed Plaintiff's deposition; the deposition notice reiterated the RFPs, and requested that Plaintiff bring responsive documents to her deposition. (Joint Letter re RFP at 3, Exh. C.) Plaintiff did bring the binder, but initially refused to show the binder to Defendant. (*Id.* at 3.) Towards the end of the deposition, Plaintiff conceded that many of the documents in the binder were relevant; as a result, Defendant reserved the right to keep the deposition open pending Plaintiff's production of documents. (*Id.*) Defendant informed Plaintiff that they would engage in further meet and confer efforts to obtain her additional document production and re-notice her deposition if needed, to which Plaintiff responded that Defendant was rejecting her offer to keep the documents. (*Id.* at 3-4.)

---

[2] The operative complaint does not contain a negligence claim, but the presiding judge denied the motion to dismiss the negligence claim. (Dkt. No. 92 ¶ 5.) Over six months after the filing of the dismissal order, Defendant moved to correct the dismissal order under Federal Rule of Civil Procedure 60(a). (Dkt. No. 128.) On September 1, 2017, the presiding judge denied Defendant's motion to correct. (Dkt. No. 139.)

3

Defendant subsequently withdrew a number of the RFPs. On June 27, 2017, Plaintiff responded with the 7000-page loan file which Defendant had provided to her earlier in the lawsuit, and a list of blanket objections. (Joint Letter re RFP, Exh. E.) On June 28, 2017, Defendant called Plaintiff to ask if her document production was complete; Plaintiff responded that she believed more documents existed but that she did not have to produce them prior to the discovery cut-off date of August 17. (*Id.* at 4.) The parties subsequently had a meet and confer on July 13, 2017, during which Plaintiff did not bring any additional documents and did not confirm whether her production was complete. (*Id.*) The parties had another meet and confer on August 18, 2017, during which Plaintiff again stated that discovery was ongoing. She also stated that she had lost the binder of documents she had brought to the deposition and was still trying to find it. (*Id.*) The parties then filed the instant letter.

Defendant argues that Plaintiff should be required to produce all documents she has that are responsive to the demands because they are directly related to her claims in the operative complaint and her requests for relief. (Joint Letter re RFP at 5-14.) Defendant contends that in the event Plaintiff does not have any further responsive documents, she should say so under oath. Defendant requests a two-week deadline for Plaintiff to either produce the documents or verify under oath that she has no further documents. Defendant further requests that if Plaintiff fails to do so, the Court should find that Plaintiff has no further documents related to these RFPs and prohibit her from introducing evidence at summary judgment or trial any documents supporting her claims other than those already produced to her by Defendant. (*Id.*)

In response, Plaintiff does not object to the substance of any of the RFPs, nor does she defend any of her prior objections. Instead, Plaintiff states that she has already provided over 7,000 pages in evidence. (Joint Letter re RFP at 6-15.) Plaintiff also contends that she previously advised Defendant that she would be out of town until August 15, and that she would continue to search for documents upon her return. Plaintiff argues that Defendant did not object to Plaintiff's document production at the deposition or the meet and confer, and that they refused the binder that Plaintiff offered to let them keep. Plaintiff also contends that discovery is continuing and that she will provide any further documents as needed. Finally, Plaintiff suggests it is unethical and illegal

4

for Defendant to request the evidentiary sanctions sought for failure to produce. (*Id.*)[3]

As an initial matter, the Court finds that because Plaintiff does not object to the substance of any of the RFPs in this letter, Plaintiff has waived any such objections. As to the RFPs at issue, the Court ORDERS Plaintiff to provide a supplemental document production or a verification under oath that she has no additional documents within **fourteen days** of the date of this order. Contrary to her assertions, Plaintiff has been on notice that her document production is deficient, and she has apparently admitted that she possesses additional documents yet failed to produce them.[4] While Plaintiff argues that the discovery deadline has not yet passed, this is not a legitimate reason to withhold production of documents. Simply because the discovery deadline has not yet passed does not mean Plaintiff is entitled to withhold all document production until the very last day of discovery. As Plaintiff provides no additional explanation for why she has failed to timely produce additional responsive documents, the Court finds that a two-week deadline is both warranted and necessary to ensure that Plaintiff satisfies her discovery obligations. If Plaintiff fails to produce additional responsive documentation or a verification under oath that she has no additional documents within fourteen days of the date of this order, the Court may recommend evidentiary sanctions prohibiting Plaintiff from introducing any additional documents in response to a summary judgment motion or at trial.

**B.     Joint Discovery Letter re Interrogatories (Dkt. No. 136)**

Defendant seeks responses to the following interrogatories:

> **INTERROGATORY NO. 1:** With respect to your claim for violation of California Civil Code section 2923.6 in the SECOND AMENDED COMPLAINT, please:
> (a) State all facts CONCERNING your claim;
> (b) IDENTIFY all PERSON(S) with information CONCERNING your claim; and

---

[3] Plaintiff also objects to the length of the letter as not complying with the Court's standing order regarding page limits. (Joint Letter re RFPs at 15.) The Court overrules this objection. Defendant filed an administrative motion requesting a page extension for the discovery letters at issue in this order; Plaintiff filed no objection, and the Court granted the motion for a page extension. (Dkt. Nos. 129, 134.) Thus, the length of the discovery letter is proper.

[4] As for the binder, it is not clear Plaintiff actually offered Defendant the binder at her deposition. In any case, an offer of documents does not abrogate Plaintiff's obligation to provide responsive documents in a timely manner.

5

      (c) IDENTIFY all DOCUMENTS CONCERNING your claim.

**INTERROGATORY NO. 2:** With respect to your claim for violation of California Civil Code section 2923.7 in the SECOND AMENDED COMPLAINT, please:
      (a) State all facts CONCERNING your claim;
      (b) IDENTIFY all PERSON(S) with information CONCERNING your claim; and
      (c) IDENTIFY all DOCUMENTS CONCERNING your claim.

**INTERROGATORY NO. 3:** With respect to your claim for promissory estoppel in the SECOND AMENDED COMPLAINT, please:
      (a) State all facts CONCERNING your claim;
      (b) IDENTIFY all PERSON(S) with information CONCERNING your claim; and
      (c) IDENTIFY all DOCUMENTS CONCERNING your claim.

**INTERROGATORY NO. 4:** With respect to your claim in the SECOND AMENDED COMPLAINT that WELLS FARGO violated subdivision (e)(2) of 12 U.S.C. section 2605, please:
      (a) State all facts CONCERNING your claim;
      (b) IDENTIFY all PERSON(S) with information CONCERNING your claim; and
      (c) IDENTIFY all DOCUMENTS CONCERNING your claim.

**INTERROGATORY NO. 5:** With respect to your claim in the SECOND AMENDED COMPLAINT that WELLS FARGO violated subdivision (e)(3) of 12 U.S.C. section 2605, please:
      (a) State all facts CONCERNING your claim;
      (b) IDENTIFY all PERSON(S) with information CONCERNING your claim; and
      (c) IDENTIFY all DOCUMENTS CONCERNING your claim.

**INTERROGATORY NO. 6:** If you contend negligence on the part of WELLS FARGO in the SECOND AMENDED COMPLAINT, please:
      (a) State all facts CONCERNING your claim;
      (b) IDENTIFY all PERSON(S) with information CONCERNING your claim; and
      (c) IDENTIFY all DOCUMENTS CONCERNING your claim.

**INTERROGATORY NO. 7:** If you contend you have sustained damages as a result of the conduct of WELLS FARGO alleged in the SECOND AMENDED COMPLAINT, please:
      (a) State all damages;
      (b) IDENTIFY all PERSON(S) with information CONCERNING your claim for damages; and
      (c) IDENTIFY all DOCUMENTS CONCERNING your claim for damages.

**INTERROGATORY NO. 8(c):** If you contend you have sustained emotional distress as a result of the conduct of WELLS FARGO alleged in the SECOND AMENDED COMPLAINT, please:
. . . .
    (c) IDENTIFY all DOCUMENTS CONCERNING your claim.

**INTERROGATORY NO. 16:** IDENTIFY all COMMUNICATIONS YOU had with WELLS FARGO from August 2014 to August 2015.

**INTERROGATORY NO. 17:** IDENTIFY PERSON(S) who have lived in the PROPERTY from January 2015 to the present.

Like the RFPs, Plaintiff initially responded to the interrogatories with only objections. (Joint Letter re Interrogatories, Exh. B.) Defendant then filed a discovery letter regarding the interrogatories. (Dkt. No. 114.) Although the Court terminated the discovery letter as not being in compliance with the Court's standing order, the Court also found that Plaintiff's objections were not proper and that she could not refuse to respond in reliance on those objections. (Discovery Letter Ord. at 4-5.)

Defendant subsequently narrowed its list of interrogatories to 21 questions. (Joint Letter re Interrogatories at 2.) On July 12, 2017, Plaintiff provided a second response to the interrogatories; Plaintiff did not provide further responses as to Interrogatory Nos. 1-7. (Joint Letter re Interrogatories, Exh. C.) As to Interrogatory No. 8(c), 16, and 17, Plaintiff objected on the basis that the interrogatories were compound, were "nonsensical," were not clearly defined, were not reasonably calculated to lead to discovery of admissible evidence, were "duplicative," and were "burdensome." (*Id.* at 3, 7-8.) Specific to Interrogatory No. 8(c), Plaintiff responded that she had requested documents from her healthcare provider but were told they were not available; further, Plaintiff contended that Defendants had already requested documents from Plaintiff's healthcare provider, such that any information sought by the interrogatory was now duplicative. (*Id.* at 3.) As to Interrogatory No. 16, Plaintiff cited to the entirety of the over 7,000 pages produced by Plaintiff. (*Id.* at 7.) Finally, as to Interrogatory No. 17, Plaintiff stated that the information was "proprietary," "privileged," and not relevant. (*Id.*)

On July 13, 2017, the parties had a meet and confer. (Joint Letter re Interrogatories at 2.)

Plaintiff did not bring additional responses, and would not confirm whether her responses were complete. (*Id.*) The parties had a subsequent meet and confer on August 18, 2017. (*Id.*) The parties then filed the instant letter.

With respect to Interrogatory Nos. 1-7, Defendant argues that Plaintiff has failed to provide meaningful responses, despite each interrogatory being related to Plaintiff's causes of actions or theories of relief. (Joint Letter re Interrogatories at 5.) Defendant requests a two-week deadline for Plaintiff to provide substantive responses, or state under oath that she has no responsive information. Defendant further requests that if Plaintiff fails to do so, the Court should direct that it be taken as established that Plaintiff has no responsive information and prohibit Plaintiff from introducing into evidence at summary judgment or trial any responsive information. (*Id.*)

Similar to her responses with respect to the RFP, Plaintiff does not object to the substance of Interrogatory Nos. 1-7, nor does she defend any of her prior objections. Instead, Plaintiff repeats her arguments that she has provided over 7,000 pages in evidence, that Defendant never objected to her responses, that Defendant fails to explain how her responses are incomplete, that she had advised Defendant that she would be out of town until August 15, and that discovery is continuing. (Joint Discovery Letter re Interrogatories at 5.) Plaintiff also, again, suggests that it is unethical and illegal for Defendant to request the evidentiary sanctions sought for failure to respond to the interrogatories. (*Id.*)[5]

As an initial matter, the Court finds that because Plaintiff does not object to the substance of Interrogatory Nos. 1-7 in this letter, Plaintiff has waived any such objections. Plaintiff's response in the letter, in turn, provides no reasonable justification for refusing to provide substantive responses to the interrogatories at issue. The fact that Plaintiff has provided some documents or that the discovery deadline has not yet passed does not excuse Plaintiff from responding in full to the interrogatories or from withholding any responses. Plaintiff has chosen to

---

[5] Plaintiff again objects to the length of the letter as not complying with the Court's standing order regarding page limits. (Joint Letter re Interrogatories at 9.) The Court overrules this objection. As previously explained, Defendant filed an administrative motion requesting a page extension for the discovery letters at issue in this order, which the Court granted after Plaintiff did not oppose. (Dkt. Nos. 129, 134.) Thus, the length of the discovery letter is proper.

bring the instant lawsuit, and she must comply with her discovery obligations by explaining her claims and identifying the relevant documents and witnesses. Therefore, as to Interrogatory Nos. 1-7, the Court ORDERS Plaintiff to provide supplemental responses or a verification under oath that she has no additional information within **fourteen days** of the date of this order. Plaintiff may not rely on any objections that the Court previously found to be improper. (*See* Discovery Letter Ord. at 3-5.)

With respect to Interrogatory No. 8(c), Plaintiff again fails to substantiate any of her prior objections, while repeating the same arguments rejected above. (Joint Discovery Letter re Interrogatories at 6.) Because Plaintiff does not object to the substance of Interrogatory No. 8(c) in this letter, Plaintiff has waived any objections. Therefore, the Court ORDERS Plaintiff to provide supplemental responses or a verification under oath that she has no additional information within **fourteen days** of the date of this order. Plaintiff may not rely on any objections that the Court previously found to be improper. (*See* Discovery Letter Ord. at 3-5.) Furthermore, Plaintiff's responses should not be limited solely to medical records; if Plaintiff has documents other than medical records which support her emotional distress claims, she must identify them.

With respect to Interrogatory No. 16, Plaintiff fails to substantiate any of her prior objections, while repeating the same arguments rejected above. (Joint Discovery Letter re Interrogatories at 7.) Because Plaintiff does not object to the substance of Interrogatory No. 16 in this letter, Plaintiff has waived any objections. Therefore, the Court ORDERS Plaintiff to provide supplemental responses or a verification under oath that she has no additional information within **fourteen days** of the date of this order. Plaintiff may not rely on any objections that the Court previously found to be improper. (*See* Discovery Letter Ord. at 3-5.)

Finally, with respect to Interrogatory No. 17, Plaintiff again fails to substantiate any of her prior objections, while repeating the same arguments rejected above. (Joint Discovery Letter re Interrogatories at 8.) Because Plaintiff does not object to the substance of Interrogatory No. 17 in this letter, Plaintiff has waived any objections. Therefore, the Court ORDERS Plaintiff to provide supplemental responses or a verification under oath that she has no additional information within **fourteen days** of the date of this order. Plaintiff may not rely on any objections that the Court

previously found to be improper. (*See* Discovery Letter Ord. at 3-5.)

### III. CONCLUSION

For the reasons stated above, Plaintiff is ORDERED to provide supplemental interrogatory and document production or responses, or to verify under oath that she has no additional documents or information, as to the RFPs and interrogatories at issue in this letter. Plaintiff's response is due within **fourteen days** of the date of this order. Failure to do so may result in sanctions for failure to cooperate in the discovery process, including monetary or evidentiary sanctions, or a recommendation of terminating sanctions, pursuant to Federal Rule of Civil Procedure 37. *See Gordon v. Cty. of Alameda*, No. CV-06-2997-SBA, 2007 WL 1750207, at *2 (N.D. Cal. June 15, 2007) ("Federal Rule of Civil Procedure 37 provides for sanctions available for failure to make disclosures or cooperate in discovery. Under Rule 37(b)(2)(C), if a party fails to obey an order to provide discovery, the court may dismiss the action or proceeding in whole or in part"); *In re Pryor*, 543 Fed. Appx. 685, 685 (9th Cir. 2013) (finding that the bankruptcy court did not abuse its discretion in directing entry of default based on the party's willful failure to attend a status conference, cooperate in the discovery process, and timely respond to the court's order to show cause); *Landry v. City & Cty. of SF*, No. 08-3791-SC, 2010 WL 1461592, at *5 (N.D. Cal. Apr. 9, 2010) (dismissing case where the plaintiffs repeatedly defied court orders).

To assist with discovery, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling (415) 782-8982. The Court has also adopted a manual for use by *pro se* litigants, which may be helpful to Plaintiff. This manual, and other free information is available online at: http://cand.uscourts.gov/proselitigants.

IT IS SO ORDERED.

Dated: September 12, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge