UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABITA CHOUDHURI,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A., et al.,<br>Defendants. | Case No. 15-cv-03608-VC (KAW)<br><br>**ORDER GRANTING MOTION TO COMPEL DEPOSITION**<br><br>Re: Dkt. No. 138 |

Plaintiff Kabita Choudhuri brought the instant suit against Defendant Wells Fargo Bank, N.A., alleging violations of the Real Estate Settlement Procedures Act ("RESPA") and the California Homeowner Bill of Rights ("HBOR"), as well as bringing claims of promissory estoppel and breach of the implied covenant of good faith and fair dealing. (Second Amended Compl. ("SAC"), Dkt. No. 74.)[1] Plaintiff alleges that on January 13, 2016, Plaintiff had two calls with Defendant, in which she "was assured that if there was a second income to support the household, a loan modification would be approved." (SAC at 7.) A third-party, Ronjon Sen, was present on the calls. (*Id.*)

Defendant now moves to compel the deposition of Mr. Sen. (Def.'s Mot., Dkt. No. 138.) The Court previously deemed the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b) and vacated the hearing set for October 5, 2017. (Dkt. No. 145.) Upon review of the parties' filings, the Court GRANTS Defendants' motion to compel.

---

[1] On January 25, 2017, the presiding judge dismissed all claims against Defendant Treena Berlinsky with prejudice, and dismissed the claim for breach of the implied covenant of good faith and fair dealing against both Defendants with prejudice. (Dkt. No. 92 at 2.)

## I. BACKGROUND

On April 18, 2017, Defendant retained Quest Discovery Services ("Quest") for the purpose of serving Mr. Sen with a deposition subpoena for May 3, 2017. (Patao Decl. ¶ 2, Dkt. No. 138-3.) On April 28, 2017, Quest's process server personally served Mr. Sen with the deposition subpoena, but failed to report to his manager that service had been completed. (Patao Decl. ¶ 3.) As a result, Quest erroneously informed Defendant's counsel on May 1 and May 2, 2017 that Mr. Sen had not been served with the deposition subpoena. (Patao Decl. ¶ 4.)

On May 3, 2017, Mr. Sen presented himself for deposition. (Kelly Decl. ¶ 2, Dkt. No. 138-2.) Defendant's counsel asserts that based on Quest's representations, it believed Mr. Sen had not been served, and had therefore not prepared for the deposition to proceed or retained a court reporter. (Kelly Decl. ¶ 2.) Plaintiff alleges that Mr. Sen had previously contacted Defendant's counsel to reschedule the deposition, but was told that he would be sanctioned if he did not appear.[2] (Plf.'s Opp'n at 2, Dkt. No. 140.) Ultimately, Defendant's counsel informed Mr. Sen that the deposition would not proceed and requested his contact information; Mr. Sen confirmed his address, but would not provide a telephone number. (Kelly Decl. ¶¶ 2-3.)

On June 20, 2017, Defendant again retained Quest to serve Mr. Sen with the deposition subpoena for August 22, 2017. (Patao Decl. ¶ 6.) Defendant also retained two private investigators to perform service. (Vukovic Decl. ¶¶ 6, 8, Dkt. No. 138-1.) After multiple attempts to serve and several stake-outs, the second private investigator served Mr. Sen with the deposition subpoena on August 10, 2017. (Vukovic Decl. ¶ 9.)

On August 22, 2017, Mr. Sen did not appear for his deposition. (Vukovic Decl. ¶ 10.) Defendant's counsel called the phone number on file for Mr. Sen, and was informed by a woman they believe to be Mr. Sen's wife that Mr. Sen was ill and unable to take any calls. (Vukovic Decl. ¶ 11.) Defendant's counsel asserts that prior to this, Mr. Sen had never objected to his scheduled deposition date or informed Defendant's counsel of his illness. (Vukovic Decl. ¶ 12.) Defendant's counsel informed the woman that they wished to reschedule Mr. Sen's deposition and would follow up. (Vukovic Decl. ¶ 11.) Following Mr. Sen's non-appearance, Defendant's counsel left

---

[2] Plaintiff provides no evidence in support of this contention, such as a declaration by Mr. Sen.

2

multiple voicemails and sent multiple e-mails to Mr. Sen, requesting that he provide dates for his deposition. (Vukovic Decl. ¶ 13.) Mr. Sen did not respond, and on August 30, 2017, Defendant filed the instant motion.

On September 11, 2017, Plaintiff filed an opposition to Defendant's motion, arguing that the motion was designed "to mislead this court into thinking that Mr. Sen is avoiding being deposed." (Plf.'s Opp'n at 2.) Plaintiff further asserts that Mr. Sen had assured her "that he will appear for a deposition at a date convenient to all parties." (*Id.*) Plaintiff therefore contends there is no need for a hearing, and that the Court should deny the motion and order Defendant to formally contact Plaintiff to set up a date for a deposition. (*Id.*) Mr. Sen, in turn, has not filed an opposition to the instant motion.

On September 20, 2017, Defendant filed its reply. (Def.'s Reply, Dkt. No. 142.) Defendant states that despite having reached out multiple times to Mr. Sen, and after serving Mr. Sen with the instant motion, as of the date of the reply brief, Mr. Sen still had not responded to any of counsel's requests to reschedule his deposition. (Supp. Vukovic Decl. ¶ 2, Dkt. No. 142-1.)

## II. LEGAL STANDARD

Under Rule 26, in a civil action, a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Additionally, the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45 provides, among other things, that a party may command a non-party to testify at a deposition.

3

Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a)).

### III. DISCUSSION

As Defendant states, Mr. Sen is an important third-party witness, who can verify Plaintiff's claim that Defendant promised her a loan modification if she obtained a second income. (Def.'s Mot. at 7; *see also* SAC at 7.) Plaintiff does not dispute that Mr. Sen's deposition may be taken, but instead argues that there is no need for the instant motion because Mr. Sen has assured her that he will appear for a deposition at a date convenient to all parties. (Plf.'s Opp'n at 2.) Plaintiff also makes general complaints about how discovery has proceeded in this case, which are not relevant to the merits of the instant motion.

In light of the above, the Court GRANTS Defendant's motion to compel. While Plaintiff states that Mr. Sen has assured her that he will appear for a deposition, Defendant has presented evidence that Mr. Sen has, in fact, not been cooperating with Defendant, having failed to respond to Defendant's multiple attempts to reschedule the deposition. The Court therefore ORDERS Mr. Sen to appear for his deposition; Mr. Sen shall immediately contact Defendant's counsel to set up a deposition, at which he must attend.[3] The Clerk of the Court is directed to serve this order on Mr. Sen. Failure to comply may result in the Court issuing an order to show cause, requiring Mr. Sen to explain why he should not be held in contempt of court.

IT IS SO ORDERED.

Dated: October 5, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[3] With respect to Plaintiff's contention that Defendant should have to formally contact Plaintiff to set up the deposition, the Court disagrees. (*See* Plf.'s Opp'n at 2.) Plaintiff is not an attorney and does not represent Mr. Sen, and has no authority to set up or refuse a deposition on behalf of Mr. Sen. As a party, however, she may wish to attend Mr. Sen's deposition and should meet and confer regarding a date that works for everyone.