UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABITA CHOUDHURI,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendants. | Case No. 15-cv-03608-VC<br><br>**ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 155, 166 |

Well Fargo's motion for summary judgment is granted and Kabita Choudhuri's motion for summary judgment is denied. Choudhuri has not provided evidence to create a genuine dispute of material fact that would preclude summary judgment in favor of Wells Fargo.[1]

<u>Real Estate Settlement Procedures Act</u>

First, Choudhuri alleges that Wells Fargo violated the Real Estate Settlement Procedures Act ("RESPA") by failing to respond to her request for information about her loan. Choudhuri is correct that her March 1, 2015 letter to Wells Fargo constituted a qualified written request under RESPA because it provided sufficient detail about the information she sought and explained that she thought computing errors had led to mistakes in the loan accounting. 12 U.S.C. § 2605(e)(1)-(2); *see Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012). However, Wells Fargo has presented evidence of having met its RESPA obligations with respect to her request: on March 3, Wells Fargo acknowledged receipt of Choudhuri's letter; on March 16, Wells Fargo informed Choudhuri that it would act by March 30; and on March 25, Wells

---

[1] Wells Fargo's request for judicial notice (Dkt. No. 166-2), which encompasses court dockets, court filings, and publicly recorded documents, is granted. Fed. R. Evid. 201.

Fargo sent Choudhuri a detailed response to her letter. Smith Decl. Exs. Y-AA (Dkt. No. 166-1). In response, Choudhuri says that she did not receive this March 25th letter. Vukovic Decl. Ex. A (Dkt. No. 166-3) at 268:8-21. However, even if this were enough to create a genuine fact issue (which it probably does not), Choudhuri's claim fails because she has not presented evidence that she suffered damages as a result of Wells Fargo's alleged lack of response to her qualified written requests. Choudhuri's screenshot of her rejected application for an energy savings program (with no established connection to this loan) is not enough to create a genuine dispute of fact as to whether she sustained actual damages as a result of the alleged RESPA violation. Nor has she presented evidence that any increased loan payments were proximately caused by Wells Fargo's allegedly incomplete or missing responses to her qualified written requests. *See Banares v. Wells Fargo Bank, NA*, 681 Fed App'x 638, 641 (9th Cir. 2017); *Tamburri v. Suntrust Mortgage, Inc.*, 875 F. Supp. 2d 1009, 1014-15 (N.D. Cal. 2012). Nor has Choudhuri presented evidence of a pattern or practice of noncompliance by Wells Fargo that would permit damages. 12 U.S.C. § 2605(f)(1)(B).

The claim based on the later letter fares no better. Choudhuri's letter to Wells Fargo on April 12, 2015 was no more than a copy of her March 1st letter with a handwritten note stating that she had not received a response. (In fact, the April 12th correspondence still had the typewritten March 1st date on it.) Smith Decl. Ex. BB. In light of Wells Fargo's response to her identical letter from the previous month, it appears that Wells Fargo met its obligation to respond to her qualified written request. But even if Wells Fargo should have separately responded to her April 12th letter, Choudhuri's claim fails because she has not presented evidence of damages suffered as a result of Wells Fargo not replying to her second request.

Choudhuri's second claim under RESPA is that Wells Fargo did not satisfy its obligation to protect her credit rating while her qualified written request was pending. However, Choudhuri has not presented any evidence to support her claim that Wells Fargo improperly reported her mortgage during the 60-day period after receiving her qualified written request. 12 U.S.C. § 2605(e)(3). As a result, Wells Fargo prevails on summary judgment on both RESPA claims.

Homeowner Bill of Rights

Choudhuri's claims under the Homeowner Bill of Rights ("HBOR") do not survive summary judgment either. First, Choudhuri fails to present evidence that contradicts Wells Fargo's showing that it complied with its obligation to provide a single point of contact. The statute permits the servicer to appoint a team of individuals and does not prevent the servicer from replacing the contact over time. Cal. Civ. Code § 2923.7; *Hild v. Bank of America, N.A.*, No. EDCV 14-2126 JGB (SPx), 2015 WL 1813571, at *7 (C.D. Cal. Apr. 21, 2015). Nor has Choudhuri provided evidence that the purported violation of the single point of contact provision caused actual economic damages. *Crumley v. U.S. Bank National Association*, No. 5:17-cv-07144-HRL, 2018 WL 984864, at *4 (N.D. Cal. Feb. 20, 2018); *Rockridge Trust v. Wells Fargo NA*, No. 13-cv-01457-JCS, 2014 WL 688124, at *23 (N.D. Cal. Feb. 19, 2014).

Choudhuri's dual tracking claim also does not succeed. Choudhuri sent her initial loan modification application to Wells Fargo in January 2015. It was denied on April 8, 2015 and April 14, 2015, and her appeal was denied on May 19, 2015. Even though the notice of default was recorded on April 2, 2015, it was rescinded on October 1, 2015. Smith Decl. Exs. E, M, N, Q; Defendant's Request for Judicial Notice, Exs. U-W. Therefore, any alleged violation of the HBOR prohibition on dual tracking, as it was written at the time, was rendered moot by Wells Fargo rescinding the notice of sale. *Tuan Anh Le v. Bank of New York Mellon*, 152 F. Supp. 3d 1200, 1214-15 (N.D. Cal. 2015) (citing Cal. Civ. Code § 2924.12); *Monterossa v. Superior Court of Sacramento County*, 188 Cal. Rptr. 3d 453, 457-58 (Cal. Ct. App. 2015). Choudhuri also points to her renewed loan modification application on June 22, 2015, in which she claimed a material change in her finances. But Wells Fargo's rescission of the notice of sale applies to any dual tracking claim based on her later loan modification application as well. Moreover, Choudhuri does not provide evidence of having sent Wells Fargo new financial information in support of her renewed loan modification application, so Choudhuri cannot succeed on a claim for dual tracking on that basis. *Salazar v. U.S. Bank National Association*, No. ED CV 14-514-GHK (DTBx), 2015 WL 1542908, at *3-5 (C.D. Cal. Apr. 6, 2015).

Promissory Estoppel & Negligence

Choudhuri's lack of evidence also defeats her other claims. Her claim for promissory estoppel is premised on her allegation that Wells Fargo employee Treena Berlinsky promised her in early January 2015 that her loan modification would be approved if there were a second income to support her household. However, Choudhuri has not submitted evidence that the promise was sufficiently definite to support a promissory estoppel claim. To be enforceable, the promise must be "definite enough that a court can determine the scope of the duty, and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Garcia v. World Savings, FSB*, 107 Cal. Rptr. 3d 683, 696 (Cal. Ct. App. 2010) (internal quotation marks omitted). Without adequate evidence of what obligations the parties agreed to, it is not possible to assess whether they satisfied those obligations. *See id.*[2] And even if Berlinsky made a sufficiently definite promise, Choudhuri has not presented evidence sufficient to create a genuine fact issue about whether her reliance on the promise was reasonable and foreseeable. *See Advanced Choices, Inc. v. Dep't of Health Services*, 107 Cal. Rptr. 3d 470, 479 (Cal. Ct. App. 2010); *see also* Restatement (Second) of Contracts § 90 (1981).

As to negligence, even assuming Wells Fargo had a duty of care, Choudhuri has not presented evidence that her increased loan payments were proximately caused by Wells Fargo breaching such a duty of care. *See Thomas v. Stenberg*, 142 Cal. Rptr. 3d 24, 29 (Cal. Ct. App. 2012).

Therefore, Wells Fargo's motion for summary judgment is granted as to all of the remaining claims, and Choudhuri's motion for summary judgment is denied.

---

[2] In fact, Wells Fargo presents evidence that such a promise may never have been made at all. For instance, Berlinsky does not appear to have been the point of contact for Choudhuri in January 2015; rather, it seems Berlinsky was not assigned to Choudhuri's case until nearly two months later. Smith Decl. Exs. F, U, W. What's more, at his deposition, Choudhuri's witness Ronjon Sen, could not recall the contents of the alleged phone conversation with Berlinsky (for which he was purportedly present) or the declaration that he provided after the fact. Vukovic Decl. Ex. B (Dkt. No. 166-3).

**IT IS SO ORDERED.**

Dated: February 28, 2018

_____
VINCE CHHABRIA
United States District Judge